UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA on behalf of and for the use and benefit of DELTA MECHANICAL CONTRACTORS, LLC, | : : : Civil Action No. _____ : |
| Plaintiff, | : : |
| v. | : COMPLAINT AND JURY DEMAND : : |
| MONUMENT CONSTRUCTION, LLC and WESTERN SURETY COMPANY, | : : : |
| Defendants. | : : |

Pursuant to the Miller Act, 40 U.S.C. § 3131, *et seq*., Plaintiff, Delta Mechanical Contractors, LLC ("Delta"), in the name of the United States, seeks to recover amounts owed under its subcontract with Defendant, Monument Construction, LLC ("Monument"), and under the Payment Bond issued by Monument's surety, Defendant Western Surety Company ("Western"), on the federally owned construction project located at the Veteran Affairs Medical Center in Brockton, MA.

**PARTIES**

1. Pursuant to 40 U.S.C. § 3133(b)(3), this action is brought in the name of the United States on behalf of Plaintiff, Delta, a Delaware limited liability corporation with a usual place of business at 44 Wilclar Street, Warwick, Rhode Island 02886.

2. Defendant Monument is a corporation organized and existing pursuant to the laws of the State of New Hampshire with a principal place of business located at 21 Factory Street, Suite 1, Nashua, New Hampshire 03060.

3. Defendant Western is a corporation with an address of 333 South Wabash Avenue, Chicago, Illinois 60604. Western is surety for Monument on the Project, as defined below, under

Payment Bond No. 30026400 executed on October 19, 2017, in accordance with 40 U.S.C. § 3131-3134 (the "Bond").

## JURISDICTION AND VENUE

4. The subcontract at issue concerned the project known as "2238-MRI/CT Radiology Addition MC 2238-007" being performed at the Veteran Affairs Medical Center located at 940 Belmont Street, Brockton, MA (the "Project"), which is owned and controlled by the U.S. government, and was performed for the Department of Veteran Affairs (the "VA" or "Owner"). Accordingly, jurisdiction is proper under 40 U.S.C. § 3133(b)(3).

5. The Court has pendant and supplemental jurisdiction over claims brought under state law pursuant to 28 U.S.C. § 1367.

6. Venue is proper under 28 U.S.C. § 1391(b) and (c), and 40 U.S.C. § 3133 (b)(3)(B) as the contract at issue was performed in Brockton, MA.

## FACTS

7. The United States, acting by and through the VA, entered into a prime contract with Monument or construction of the Project, pursuant to contract number VA241-17-C-0132 (the "Prime Contract").

8. Western, as surety, issued the Bond on behalf of its principal, Monument, in the penal sum of $7,241,939.00 to protect the interests of Delta and other subcontractors on the Project.

9. On or about March 30, 2018, Monument subcontracted with Delta to fabricate, deliver and furnish Fire Suppression, Plumbing, and HVAC work for the Project (the "Subcontract").

10. In consideration for the work performed under the Subcontract, Monument agreed to pay Delta a total of $1,728,900.00.

4890-4203-4188, v. 1

11. Thereafter, the Subcontract was amended so that Monument agreed to pay Delta a total of $2,413,271.32.

12. Delta has completely and diligently performed its work on the Project in accordance with the Subcontract.

13. Delta timely submitted invoices, requisitions, and applications for payment to Monument in accordance with the Subcontract for the labor, materials, and equipment it has furnished to the Project, with the consent of the VA, in the amount of $2,413,271.32.

14. Monument, however, has only paid Delta $2,335,964.37, which has left an outstanding balance due and owing to Delta in the amount of $77,306.95.

15. Monument has acknowledged and does not dispute owing Delta $77,306.95.

16. Despite repeated demands by Delta, Monument has failed to pay Delta $77,306.95 owed under the Subcontract.

17. At all times relevant hereto, Monument was fully aware that it owed Delta compensation under the Subcontract.

18. More than 90 days have passed since Delta performed the last of its labor and/or furnished material to the Project for which it seeks payment.

19. Despite timely, professionally, and completely furnishing all labor, material and equipment under the Subcontract, Delta has not been paid the amount of $77,306.95 for the labor and/or material it furnished in connection with the Project.

20. The aforementioned Bond constitutes the only security awardable to Delta for the money owed to Delta for the labor, material, and equipment furnished and incorporated into the Project.

21. To date, neither Monument nor Western has paid Delta the $77,306.95 due and owing under the Bond.

## COUNT I
### (Breach of Contract Against Monument)

22. Delta repeats and incorporates by reference the averments set forth in paragraphs 1 through 21 as set forth fully herein.

23. Delta has fully performed its obligations under the Subcontract with Monument.

24. Despite numerous demands for payment, Monument has failed, refused, and neglected to pay Delta the $77,306.95 due and owing under the Subcontract.

25. Monument has materially breached the Subcontract by, among other things, failing to fully pay Delta amounts owed to it under the Subcontract, which has caused Delta damage.

26. As a direct and proximate result of Monument's material breach, Delta has been damaged.

27. WHEREFORE, Plaintiff Delta demands judgment against Defendant Monument in the amount of approximately $77,306.95 together with interest, costs, attorney's fees, and such other further relief as the Court deems just and proper.

## COUNT II
### (Quantum Meruit Against Monument)

28. Delta repeats and incorporates by reference the averments set forth in paragraphs 1 through 27 as if set forth fully herein.

29. Delta furnished valuable labor, equipment, material and services to Monument, which Monument accepted with the knowledge that Delta expected payment.

30. The fair market value of that work was $2,413,271.32.

4890-4203-4188, v. 1

31. Delta has a reasonable expectation of being compensated in full for the goods and services provided.

32. Despite repeated demands, Delta has only been paid $2,335,964.37 by Monument.

33. Monument has been unjustly enriched by its failure to pay Delta or take adequate precautions to ensure that Delta was paid for providing labor and materials to the Project, in the amount of $77,306.95, plus interest thereon.

WHEREFORE, Plaintiff Delta demands judgment against Defendant Monument in the amount of approximately $77,306.95 together with interest, costs, attorney's fees, and such other further relief as the Court deems just and proper.

## COUNT III
### (Miller Act Payment Bond Claim Against Monument and Western, Jointly and Severally)

34. Delta repeats and incorporates by reference the allegations set forth in paragraphs 1 through 33 as set forth fully herein.

35. Delta properly performed its work on the Project.

36. Monument has not fully paid Delta for the work it performed.

37. Under the Miller Act, the Bond is enforceable against Monument and its surety, Western, jointly and severally, in the amount of the outstanding balance due to Delta. Accordingly, Monument and Western owe Delta the amount of.

38. Despite repeated demands, Monument has failed and refused to pay Delta then $77,306.95 due.

39. Ninety (90) days have elapsed since Delta last furnished labor, equipment, and services on the Project.

40.     This Complaint is filed within one (1) year after Delta last furnished labor, equipment, and services on the Project.

WHEREFORE, Plaintiff Delta demands judgment against Defendants Monument and Western, jointly and severally, in the amount of approximately $77,306.95, plus all costs, attorneys' fees, and such other and further relief as the Court deems just and proper.

## PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL TRIABLE ISSUES

        Respectfully submitted,

        UNITED STATES OF AMERICA,
        on behalf of and for the use and benefit of
        DELTA MECHANICAL CONTRACTORS, LLC,

        *Attorneys for Plaintiff,*

        By its Attorneys,
        PANNONE LOPES DEVEREAUX & O'GARA LLC

        */s/ Willam E. O'Gara*
        William E. O'Gara (#555256)
        PANNONE LOPES DEVEREAUX & O'GARA LLC
        Northwoods Office Park Suite 215 N
        1301 Atwood Avenue
        Johnston, RI 02919
        (401) 824-5100
        (401 824-5123 (fax)
        wogara@pldolaw.com

February 1, 2022